

**ORIGINAL**

**FILED MAY 9 - 2018 CLERK United States Bankruptcy Court San Jose, California**

Law Office of Patrick Calhoun
Patrick Calhoun 056671
6003 Paxton Court
San Jose, Ca 95123
408-722-8099
Email calhounonekgatty@aol.com

Page | 1

Attorney for CAL ENTERPRISES INC, assigned to Estate of CLARENCE C Calhoun LIVING TRUST, MARCIA WECKESSER TRUSTEE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT
SAN JOSE DIVISION

In re                                    Case No 17-52022 MEH

        Chapter 11

Jeffery Layne Wyatt Debtor              Hearing Date 5/17/18
                                        Time         10:30
                                        Dept         3020

_____/

**DECLARATION AND OPPOSITION TO PROPOSED**

**THIRD AMENDED CHAPTER 11 PLAN OF REORGAINIZATION**

**Claim 1E 1F Cal Enterprises**

The claims set forth in Proposed Plan Third Amended as 1E as to property located at 14598 Big Basin Way, Saratoga Unit A; and 1F as to property located at 14598 Big Basin Way, Saratoga Unit B. are opposed by this Creditor. Debtor has filed Third Amended Plan wherein this Creditor is now scheduled as 1E and 1F

**INFORMATION ON NOTES AND BENEFICIARIES**

1

Wyatt/Calhoun Opposition to THIRD AMENDED PLAN

Case: 17-52022   Doc# 74   Filed: 05/09/18   Entered: 05/09/18 15:48:17   Page 1 of 7

The promissory notes are both secured by separate deeds of trust (subject matter of claims 1E and 1 F). Notes were originally owned by Cal Enterprises Inc (a corporation held by Clarence C. Calhoun. Said notes and Deeds of trust were assigned to Estate to CLARENCE C Calhoun LIVING TRUST, MARCIA WECKESSER was APPOINTED AS TRUSTEE. CLARENCE C. CALHOUN has passed away and Marcia Weckesser (Daughter)is trustee of the estate. For purpose of clarity she shall be referred to as Weckesser. She is a Beneficiary as well, Patrick Calhoun and Micheal Calhoun are remaining heirs

The subject obligations Unit A was created on March 29, 2007 and was all due and payable one year later to wit March 29, 2008. By agreement Deeds of Trust were not recorded until January 11, 2011 as instrument number 21040431 of Official Records of the Office of Recorder of Santa Clara County describing the land therein as 14598 Big Basin Way Unit A, Saratoga California 95070, APN 517-08-0**68**.

As to parcel "B" The subject obligations Unit B was also created on March 29, 2007 and was all due and payable one year later to wit March 29, 2008. By agreement Deeds of Trust were not recorded until January 11, 2011 as instrument number 21040432 of Official Records of the Office of Recorder of Santa Clara County describing the land therein as 14598 Big Basin Way Unit B, Saratoga California 95070, APN 517-08-0**70**.

As part of an Subsequent Agreement with Debtor Patrick Calhoun has purchased the interest of other heirs in and to Unit

B. For all purposes herein his interest is the same as other heirs, we are all treated as one.

### INFORMATION ON DEBTOR AND HIS WIFE

Jeff and Gaylene are married and all property and debt as it pertains to this Creditor is community property. Jeff and Gaylene Wyatt are both the recorded owners to the subject property. All property is community property. They are also community property owners of all other property listed in the Petition either by claim of deed or community property

Only Jeff Wyatt has filed bankruptcy notwithstanding fact that Gaylene is owner of all property both real and personal as well. Jeff and Gaylene live together at unit C Big Basin Way and she has substantial income

Debtor and his wife have executed subject notes and deeds of trust to Trustee Securing Creditor as on both parcels of real property

### HISTORY

Foreclosures have been commenced on both deeds of trust. Sale date has been published, and sale has been set. Sale at request of Trustor Debtor and his wife have been continued many times, to allow Debtor time to raise funds to pay off or assign notes to the subject parcels "A" and "B" to others. This was to allow payment of these obligations without paying IRS junior

lein holder.  Debtor was unable to assign or refinance or sell due to fact that IRS has $500,000.00 lien

Gaylene is high wage earner being employed for many years as a real estate agent in the Saratoga markets.  Her income is not being applied to this Bankruptcy proceeding.

A Chapter 11 petition was filed by Jeff Wyatt only

The sum of $146,776.00 is owing on Note "A" plus accruing costs and interest; and the sum 153,195.00 on Note "B" (AS OF FEBUARY 1, 2018). CREDITORS CLAIMS and AMENDMENT AS TO BOTH UNITS/NOTES IS FILED AS OF THIS DATE There are accruing costs and fees increasing on the payoff of the notes A and B.  There exists a $500,000.00 IRS lien behind Weckesser notes

**Objection to terms**

1. The Debtor is not bankrupt.  His has far more assets than debt and the ability to pay debts.

2. Plan is unfair.  It is not fair for Wyatt to proceed individually and use only his income. Gaylene Wyatt's income is equal to or greater than Debtor Income, and is not being accounted for.  No cash collateral has been tendered nor have request be made for there use.  These notes are on properties that generate income of $4,000 per month.

3a.   Proposal takes 2 notes that were loaned to debtor for one year term.   Due to friendly modifications for repayment,

they have been extended, and re extended. Last modification was January to June, debtor went into default, modified one more time September, then on eve of foreclosure after parties all agreed to "no" bankruptcy would be filed, one of two debtors filed, First Plan, Second Plan and now Third Plan filed. Plan now provides for Sale of Unit A and Unit B on or before August. We know that this sounds reasonable but under facts and circumstances it is not. It is unreasonable, Debtor is 17 months out since "Final modification of Notes term" (Jan 1 2017 to May 2018).

    3b.   Only a sale is required under plan by August (not a close). Property has been listed five months in this market and no offers.

    3c   There is no requirement to have step downs in offering price. In August we all know we will be back in court with request for extension, or a bogus sale with 29 days to have sale approved only to have buyer back out, followed by new requests for more time and on and on. This note was due in 2008 It has been in foreclosure for 3 years.

    3d.   Once creditor is clear of Debtor and his filing notwithstanding all the waivers he has agreed to, creditor will have to then file new Notice of Sale. Add it all up Creditor is being totally dealt with unfairly and may see its money in 2019

5

Wyatt/Calhoun Opposition to THIRD AMENDED PLAN

3e. There has to be a shorter more controlled procedure for the marketing of this property. In light of fact this creditor has done everything possible to be reasonable in collection of this note. Debtor and wife has signed waivers and agreed debt amount and terms and waivers

**Plan should require deadlines for actions.**

4a. On or before June 10, Sales contract be in escrow for both sales. (assuming a sale has happened)

4b. Deposits be required in Contract that are non refundable,

4c. Immediately Escrow opened and title reports ordered,

    i) Demands per title reports be ordered e.g. demand from IRS, County of Santa Clara

    ii) Any other title requirements, with short deadlines for contingencies removal.

4d Debtor should be required to get all anticipated inspections ordered now and any work completed within 30 days,

4e. Estoppel agreements from renters/tenants of Units A and B, (Buyers will demand)

4f. Any Buyers financing be approved and or contingence for loans removed with 20 days of sale.

**Creditor rights**

Page | 6

6

6

Wyatt/Calhoun Opposition to THIRD AMENDED PLAN

Case: 17-52022   Doc# 74   Filed: 05/09/18   Entered: 05/09/18 15:48:17   Page 6 of 7

5a. June 1st Creditor may file new Notice of Sale on Foreclosure Proceeding

5b. Creditor allowed to proceed with sale on or after August 1, 2018. Relief from stay be granted allowing this action and order is with prejudice.

5c. Claims 1E and 1F of plan being claims of creditor be paid according to Claim on File and updated costs fees and interest.

5d The plan does not pay off creditor according to contract.

I declare under penalty of perjury under the Law of the United States that the above is both true and correct.

Dated May 8, 2018

*[signature: Patrick Calhoun]*

Patrick Calhoun